REFAUL MEISNER, Appellant, v. DORA BRANDT et al., Respondents.— Action to recover damages for personal injuries, alleged to have been sustained when plaintiff was struck by an automobile owned by one defendant and operated by the other. The jury rendered a verdict in defendants' favor, and plaintiff appeals from the judgment entered thereon. Judgment unanimously affirmed, with costs. On this appeal only questions of fact are involved. The evidence is sufficient to sustain findings by the jury that defendant operator and plaintiff were both negligent. Present — Nolan, P. J., Carswell, Johnston, MacCrate and Schmidt, JJ.

∎

ALFRED MEYERS, Appellant-Respondent, v. HERBERT S. FELNER, Respondent-Appellant.— Action to recover damages for personal injuries suffered by plaintiff, who, while standing at the entrance to a building owned by defendant, was struck on the head by a piece of masonry which fell from the facade above the entrance. The trial court awarded plaintiff $1,500, and from the judgment entered plaintiff appeals, contending the award is inadequate. Defendant also filed a notice of appeal, but has apparently abandoned his appeal, as his brief asks that the judgment be affirmed. Judgment reversed on the facts and new trial granted, with costs to plaintiff-appellant to abide the event. In our opinion the award was inadequate. Following the accident, plaintiff was removed in an ambulance to the hospital, where he remained seven days, and for at least two weeks thereafter he was confined to his home, except for visits to the doctor's office. Among his injuries he had lacerations in the posterior frontal area and below the hairline at the midline, as well as contusions. There was medical evidence that he had a cerebral concussion and developed a post-concussion syndrome, and there was evidence that plaintiff suffered, and at times still suffers, from headaches and dizziness. The court found that plaintiff's special damages, including hospital and medical expenses, as well as loss of earnings, totaled $1,545.50. As plaintiff is a second-year law student we are impelled to state that we find in this record no basis for the court's characterization of plaintiff, and that the court's comments throughout his ten-page oral decision concerning plaintiff were wholly unwarranted. Nolan, P. J., Johnston, Adel, Wenzel and Schmidt, JJ., concur.

∎

VIVIAN MUNITZ, Appellant, v. RAYMOND J. MUNITZ et al., Respondents.— In an action for judgment declaring plaintiff to be the wife of the male defendant and for incidental injunctive relief, order striking out a portion of the complaint pursuant to rule 103 of the Rules of Civil Practice, reversed on the law and the facts, with $10 costs and disbursements, and motion denied, with $10 costs. Even though the complaint may be insufficient to warrant injunctive relief, the allegation to the effect that such relief is sought cannot be struck out as irrelevant. The other allegations which were struck out serve to delineate the relationship of the parties and to bear upon the propriety of granting a declaratory judgment as well as to show the presence of complete jurisdiction in the courts of this State. Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.